IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| CHRISTIE LEE | |
| v. | |
| | Case No.: 2:17-cv-2766 |
| RODNEY HORTON | FIRST DEFENDANT |
| AND | |
| THE KROGER COMPANY, INC D/B/A KROGER DEDICATED LOGISTICS COMPANY, INC. | SECOND DEFENDANT |
| | JURY TRIAL REQUESTED |

COMPLAINT

JURISDICTION AND VENUE

1.      The Plaintiff, Christie Lee, (hereinafter "Christie") is an adult resident citizen of the State of Mississippi, and who was injured as a driver of an automobile in Desoto County, Mississippi when her vehicle was hit by a commercial tractor-trailer combination driven and owned, leased and and/or operated by one or more of the Defendants.

2.      Defendant, Rodney Horton (hereinafter "Rodney"), is an adult resident citizen of 1357 Greenland, Bartlett, Tennessee 38139 in Shelby County in Tennessee.  Defendant Rodney was an employee, lessee, agent, and/or agent of Defendants, The Kroger Company, Inc., and/or Kroger Dedicated Logistics Company, Inc. and worked in the line and scope of his employment as a truck driver with the Defendants at the time of the incident made the basis of this complaint.

3.      Defendant, The Kroger Company, Inc., d/b/a Kroger Dedicated Logistics Company, Inc. (hereinafter "Kroger"), is a foreign company domiciled in Ohio with its corporate headquarters in, 1014 Vine Street, Cincinnati, Ohio 45202-1100.  Kroger's registered agent for service of process in Tennessee is Corporation Service Company located at 2908 Poston Avenue, Nashville, Tennessee 37203-1312. At all times material to this action, Kroger was the Owner, Operator, Lessor and Employer of Rodney and the commercial vehicle subject matter of this action.

1

4.      The amount in controversy, exclusive of interest and costs, exceeds seventy-five thousand dollars (**$75,000**).

5.      This court has jurisdiction over this matter pursuant to 28 U.S.C §1332, since there is diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00. Additionally, this Court has Federal Question jurisdiction under 28 USC §1331 since this matter includes allegations related to Federal statutes.  Venue is proper in the Western District of Tennessee based on 28 U.S.C. §1391(b)(1) because one of the Defendants resides in this district as follows:

   a. Defendants operate the commercial vehicle which caused the wreck;

   b. Fail to use the knowledge and skills necessary to operate a commercial motor vehicle safely;

   c. Fail to use proper visual search methods as required by the Federal Motor Carrier Safety Regulations;

   d. Fail to use proper speed management techniques as required by the Federal Motor Carrier Safety Regulations;

## FACTS

6.      On October 25, 2016, Christie was in the left lane to turn southbound onto I-55 in Southaven, Desoto County, Mississippi.  Rodney was with the East bound traffic about to make the same left turn on the other lane when he crashed his trailer into the right side of the vehicle driven by Christie.

7.      Rodney was operating a commercial motor vehicle owned, leased and/or operated by Kroger, disregarded traffic rules, drove into the left lane and crashed his tractor/ trailer into the vehicle occupied by Christie.

8.      At all times herein mentioned, Christie's vehicle was operated in a reasonable and prudent manner, with due caution and regard for the motor vehicle laws of the State of Mississippi.

9.      Rodney failed to keep a proper lookout, failed to maintain a safe distance, failed to properly manage his speed, failed to properly manage his space, and/or failed to observe Christie's vehicle and otherwise violated the Rules of the Road and/or Federal Motor Carrier Safety Regulations when his commercial vehicle collided with Christie's vehicle.

10.     Christie sustained personal injuries directly and proximately caused by the wrongful acts and/or omissions of the Defendants Rodney and Kroger.

## COUNT ONE

11.     Christie re-alleges and incorporates by reference the foregoing paragraphs as if set forth fully herein and further aver as follows:

12.     At approximately 3:06 p.m. on the 25th day of October, 2016, Rodney did wrongfully and negligently:

    a. fail to use proper space management techniques as required by the Federal Motor Carrier Safety Regulations;

    b. fail to use proper hazard perception techniques as required by the Federal Motor Carrier Safety Regulations;

    c. fail to yield the right of way to the vehicle in which Christie was the driver;

    d. fail to proceed cautiously into intersection and a roadway;

    e. fail to keep a proper lookout;

    f. fail to take reasonable evasive action to avoid causing a wreck;

    g. fail to obey traffic signals;

    h.  fail to comply with Federal Motor Carrier Safety Regulations regarding Commercial Driver's Hour's limit;

    i. inspect the Kroger commercial vehicle, including the equipment thereon;

    j. violate the Federal Motor Carrier Safety Regulations;

    k. violate Mississippi and Tennessee motor vehicle statutes;

    l. violate company policy;

    m. cause and/or contribute to the occurrence made the basis of this lawsuit.

    n. commit other such acts and omissions as will be shown through discovery and proven at the trial of this action.


13.     At the time of the incident made the basis of this lawsuit, Rodney was acting in the line and scope of his employment and/or agency for Kroger.

14. Christie alleges that, as a direct and proximate consequence of the aforesaid wrongful and negligent conduct of Rodney, Christie was caused to suffer injuries.

## COUNT TWO

15. Christie re-alleges and incorporates by reference the foregoing paragraphs as if set forth fully herein and further aver as follows:

16. At approximately 3:06 p.m. on the 25th day of October, 2016, and in addition to the acts and omissions of Rodney which were imputed to, ordered, authorized, known to, ratified and/or condoned by Kroger by one or more of the following acts or omissions, was wrongful and negligent when it:

   a. operated a commercial carrier with inadequate safety management controls;

   b. entrusted a vehicle to an incompetent driver with knowledge of said driver's incompetence;

   c. hired and selected the operator of the commercial vehicle which was involved in the collision with the vehicle in which Christie was the driver;

   d. trained the operator of the commercial vehicle which was involved in the collision with the vehicle in which Christie was the driver;

   e. supervised and monitored the operator of the commercial vehicle which was involved in the collision with the vehicle in which Christie was the driver:

   f. used an unskilled, unknowledgeable, unqualified or disqualified driver;

   g. retained the employment of the operator of the commercial vehicle which was involved in the collision with the vehicle in which Christie was the driver:

   h. violated the Federal Motor Carrier Safety Regulations;

   i. violated Mississippi and Tennessee motor vehicle statutes;

   j. violated its own company policy;

   k. aided and abetted its employees in the violation of the Federal Motor Carrier Safety Regulations;

   l. aided and abetted its employees in the violation of the Tennessee motor vehicle statutes;

   m. conspired with its drivers in order to violate the Federal Motor Carrier Safety Regulations;

  n. conspired with its drivers in order to violate the Mississippi and Tennessee motor vehicle statutes;

  o. failed to implement and enforce means to prevent its drivers and equipment from operating unsafely or in violation of applicable laws, regulations and/or rules that a reasonable, prudent motor carrier would have implemented and enforced;

  p. maintained the commercial vehicle, including the equipment thereon, that was involved in the collision with the vehicle in which Christie was the driver;

  q. failed to ensure that the commercial vehicle that that was involved in the collision with the vehicle in which Christie was the driver had the parts and accessories necessary for safe operation;

  r. inspected the commercial vehicle, including the equipment thereon, which was involved in the collision with the vehicle in which Christie was the driver;

  s. equipped the commercial vehicle that was involved in the collision with the vehicle in which Christie was the driver;

  t. caused and/or contributed to the occurrence made the basis of this lawsuit; and

  u. committed other such acts and omissions as will be shown through discovery and proven at the trial of this action.

17. As a direct and proximate consequence of the aforesaid wrongful and negligent conduct of Kroger, Christie was caused to suffer injuries.

## COUNT THREE

18. Plaintiff re-alleges and incorporates by reference the foregoing paragraphs as if set forth fully herein and further aver as follows:

19. The above-described conduct by Defendants Rodney and Kroger was gross, willful, wanton and reckless negligence, and creates an independent tort on the part of these Defendants.

  **WHEREFORE, PREMISES CONSIDERED**, the Plaintiff demands judgment against Defendants Rodney and Kroger for compensatory and punitive damages in an amount or amounts to which a jury determines each is entitled, plus interest, attorneys' fees, and costs.

RESPECTFULLY SUBMITTED this the 17th day of October 2017

/s/ Olufemi G. Salu
Olufemi G. Salu, MSB#100160
Attorney for Plaintiff
Salu & Salu Law firm, PLLC
2129 Stateline Road West Suite A
Southaven, MS 38671
Phone:  662-342-7007
Fax:      662-342-7010
Email:   salu@salulawfirm.com

**PLAINTIFF HEREBY DEMANDS TRIAL BY JURY**

**DEFENDANTS TO BE SERVED BY PLAINTIFF AS FOLLOWS:**

Name: Rodney Horton

    1357 Greenland,

    Bartlett, Tennessee 38139.

The Kroger Company, Inc., d/b/a Kroger Dedicated Logistics Company, Inc

Address of Registered Agent in Tennessee:

Name: Corporation Service Company

2908 Poston Avenue,

Nashville, Tennessee 37203-1312.