```
                IN THE UNITED STATES DISTRICT COURT
               FOR THE WESTERN DISTRICT OF TENNESSEE
                          WESTERN DIVISION
```

| | |
|---|---|
| CHRISTIE LEE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 17-cv-2766-JPM-tmp |
| ) | |
| RODNEY HORTON and KROGER ) | |
| DEDICATED LOGISTICS CO., ) | |
| ) | |
| Defendants. ) | |

**ORDER DENYING DEFENDANTS' MOTION TO COMPEL PURSUANT TO FED. R. CIV. P. 37(a)(3)(A)**

Before the court, pursuant to Administrative Order 2018-13, is defendants Rodney Horton and Kroger Dedicated Logistics Co.'s (collectively "Kroger") motion to compel plaintiff Christie Lee to provide an appropriate damages calculation pursuant to Fed. R. Civ. P. 26(a)(1)(A)(iii) and for appropriate sanctions, filed on April 17, 2018. (ECF No. 26.) Lee responded on April 19, 2018, and indicates that she is willing and able to supply a corrected damages calculation.[1] (ECF No. 27 at 2.) Lee also seeks a declaration that Kroger's motion violated Local Rule 7.2 and an award of attorney's fees. (Id.)

On March 9, 2018, Lee provided Kroger with an itemized statement indicating that she seeks $750,000 in non-economic

---
[1]The court notes that Lee did not attach the corrected damages calculation to her motion.

-1-

damages and $1,511,083.70 in punitive damages.  (ECF No. 26-1.)
According to Kroger, during a telephonic scheduling conference
on March 23, 2018, the court ordered Lee to supplement her
damages claim with a good faith calculation of the amount of
punitive and non-economic damages she seeks.  (ECF No. 26 at 2.)
On April 12, 2018, Lee provided Kroger with a second statement
in which Lee listed various bases for her non-economic damages
claim, including emotional turmoil and mental anguish.  (ECF No.
26-3.)  There is some debate as to whether Kroger then informed
Lee that it found the supplemented damages calculation to be
deficient.  (ECF No. 26 at 5; ECF No. 27 at 2.)

Because it appears that Lee is willing to provide Kroger
with a corrected damages calculation, Kroger's motion to compel
is DENIED.  The court further notes that, because punitive and
emotional distress damages can be challenging to calculate,
courts have typically allowed parties to state that they will
seek such damages without providing an exact amount or an
itemization of the damages sought.  See Marshall v. Rawlings
Co., LLC, No. 3:14-CV-359-TBR, 2018 WL 1096436, at *17 (W.D. Ky.
Feb. 28, 2018); Walker v. Caidan Mgmt. Co., LLC, No. 15-11465,
2018 WL 441358, at *1 (E.D. Mich. Jan. 16, 2018); Conn v.
Deskins, No. CV 16-87-ART, 2017 WL 1738084, at *3 (E.D. Ky. Mar.
7, 2017); Rosson v. Wyndham Vacation Resorts, Inc., No. 3-10-

0429, 2011 WL 92053, at *1 (M.D. Tenn. Jan. 11, 2011).  The parties' cross-claims for sanctions and fees are DENIED.

IT IS SO ORDERED.

s/ Tu M. Pham  
TU M. PHAM  
United States Magistrate Judge

April 23, 2018  
Date