```
        IN THE UNITED STATES DISTRICT COURT
       FOR THE WESTERN DISTRICT OF TENNESSEE
                   WESTERN DIVISION
```

| | |
|---|---|
| CHRISTIE LEE, )  ) | |
| Plaintiff, )  ) | |
| v.                                    ) | 17-cv-2766-JPM-tmp |
|                                        ) | |
| RODNEY HORTON and KROGER ) DEDICATED LOGISTICS CO.,    )  ) | |
| Defendants.             ) | |

### REPORT AND RECOMMENDATION

Before the court by order of reference for report and recommendation is Plaintiff Christie Lee's Motion for Sanctions against Defendants Rodney Horton (individually "Horton") and Kroger Dedicated Logistics Co. (individually "Kroger") (collectively "defendants"). (ECF No. 34.) Lee seeks sanctions for defendants' alleged spoliation of electronically stored evidence. Defendants argue that sanctions are inappropriate because the evidence at issue was destroyed during the course of Kroger's normal business operations and before litigation was foreseeable. (ECF No. 37 at 3.) Defendants further argue that even if litigation was foreseeable, spoliation sanctions are inappropriate because Lee has not been prejudiced by the overwriting of the evidence. (Id. at 5-6.) The court held a

hearing on the motion on August 21, 2018.[1]  For the reasons below, it is recommended that Lee's motion be denied.

## I.   PROPOSED FINDINGS OF FACT

Lee filed her complaint on October 17, 2017. (ECF No. 1.) In the complaint, Lee alleges that on October 25, 2016, Horton, a Kroger truck driver, negligently collided with her car and severely injured her. (ECF No. 34 at 1.)  Lee further alleges that Kroger, as Horton's employer, is vicariously liable for the injuries caused by Horton. (ECF No. 1.)  On June 14 and July 14, 2017 – about eight months after the accident – Lee (through her attorney) sent preservation letters to each defendant seeking to preserve evidence related to the accident. (ECF No. 34 at 11-25.) Lee specifically requested defendants retain "[a]ny data and/or printout from on-board recording devices, including, but not limited to, the ECM (electronic control module), or any on-board computer . . . for the day of the collision and the six-month period preceding the collision."[2] (Id. at 13 ¶ 12.)  It is

---

[1] Subsequent to the hearing, the court received and reviewed a dashboard camera video recording of the inside of Horton's tractor trailer taken at the time of the accident and the deposition transcript of Daniel Meyers, Kroger's Transportation Manager.  These exhibits do not change the analysis set forth in this Report and Recommendation.

[2] Although the initial preservation letter mentions an "electronic control module," the Federal Motor Carrier Safety Regulations refer to this device as an "electronic logging device." See, e.g., 49 C.F.R. § 395.26 (2016). Subsequent briefing refers to the information captured by the electronic logging device as

undisputed this was the first time that Lee asked defendants to preserve the daily logs recorded by the electronic logging device ("ELD"). According to Lee, the daily logs taken from the ELD would show Horton's duty status on the days leading up to the accident, i.e., when he was on duty, off duty, and operating the truck. Lee believes these daily logs would show "that the collision was caused by Defendant Rodney Horton, a fatigued, sleep-deprived driver, on the wheels of a tractor-trailer." (ECF No. 34 at 4.)

Once this suit was filed, the production of the daily logs quickly became a point of contention. For example, Lee claims that over a series of telephone conversations, Kroger indicated its reluctance to produce the daily logs. (See Id. at 2 ¶ 3.) This prompted Lee's request to include a "paragraph on [an] anticipated discovery dispute over . . . Defendants [reluctance] to produce information mandated by Federal Safety Regulations" in the parties' discovery plan. (Id. at 29.) After further discussions relating to the production of the daily logs, defendants informed Lee that the logs were no longer available. (Id. at 33.) Defendants indicated that the daily logs had been automatically overwritten six months after the date of the

---

"Duty Status Records" (ECF No. 34 at 1) or the "electronic daily logs" (ECF No. 37 at 1-2). To avoid confusion, the court will refer to the device as the electronic logging device and the information it captures as the daily logs.

accident, pursuant to Kroger's retention policy. (Id. at 31.) In lieu of producing the unavailable daily logs from the ELD, defendants instead provided Lee with Horton's driver file for the month preceding the accident. (ECF No. 37 at 5.) As defendants argue, these documents "show[] that Defendant Horton was not on active duty for at least 24 hours before the accident." (Id.)

## II. PROPOSED CONCLUSIONS OF LAW

### A. Legal Standard

Federal law applies to disputes related to spoliation of evidence and sanctions for spoliation. See Parrish v. Dollar Gen. Corp., 680 F. App'x 423, 425 (6th Cir. 2017); see also Adkins v. Wolever, 554 F.3d 650, 652 (6th Cir. 2009) (en banc). Federal Rule of Civil Procedure 37(e) addresses the failure to preserve electronically stored information ("ESI") and potential sanctions for spoliation. See EPAC Tech., Inc. v. HarperCollins Christian Publ'g, Inc., No. 3:12-CV-00463, 2018 WL 1542040, at *11 (M.D. Tenn. Mar. 29, 2018) (Newbern, M.J.), aff'd in part, and modified in part, 2018 WL 3322305 (M.D. Tenn. May 14, 2018) (Crenshaw, J.) ("A different standard for imposing sanctions, set by Rule 37(e), applies when the lost information is in electronic form."); see also Best Payphones, Inc. v. City of New York, No. 1-CV-3924, 2016 WL 792396, at *3 (E.D.N.Y. Feb. 26, 2016). Rule 37(e) provides:

> If electronically stored information that should have been preserved in the anticipation or conduct of litigation is lost because a party failed to take reasonable steps to preserve it, and it cannot be restored or replaced through additional discovery, the court:
>
> (1) upon finding prejudice to another party from loss of the information, may order measures no greater than necessary to cure the prejudice; or
>
> (2) only upon finding that the party acted with the intent to deprive another party of the information's use in the litigation may:
>
> (A) presume that the lost information was unfavorable to the party;
>
> (B) instruct the jury that it may or must presume the information was unfavorable to the party; or
>
> (C) dismiss the action or enter a default judgment.

The application of Rule 37(e) requires a court initially to determine whether lost ESI should have been preserved in anticipation of litigation. Fed. R. Civ. P. 37(e). The determination as to when the duty arises must be made on a case-by-case basis. See Jason A. Pill, Derek E. Larsen-Chaney, Litigating Litigation Holds: A Survey of Common Law Preservation Duty Triggers, 17 J. Tech. L. & Pol'y 193, 206 (2012).

**B. Analysis**

The court submits that Lee has not shown that Kroger had a duty to preserve the daily logs prior to defendants' receipt of the preservation letters. From Kroger's perspective, the accident was not a serious one, as neither Lee nor Horton was

issued a citation for the accident by the investigating police officer, neither of them were treated at the accident scene or transported to a hospital, and the body damage to Lee's vehicle was minimal.  Kroger also believed at the time (and still believes) that Lee caused the accident by attempting to pass Horton's truck illegally, and therefore had no reason to believe that Lee would file a lawsuit. Thus, the court finds that litigation was not foreseeable to the extent that it would have required Kroger to preserve the daily logs. Therefore, Kroger did not engage in spoliation of evidence when, consistent with the federal regulations governing ELD data, it allowed the daily logs to be overwritten six months after the accident.  See 49 C.F.R. § 395.8(k)(1)(2016); see also 49 C.F.R. § 395.22(i)(1). Instead, the duty to preserve the ELD data was not triggered until the defendants received the preservation letters. See Turner v. United States, 736 F.3d 274, 282 (4th Cir. 2013) (recognizing that a preservation letter or "correspondence threatening litigation" triggers they duty to preserve); see also Sampson v. City of Cambridge, Md., 251 F.R.D. 172, 181 (D. Md. 2008) (finding that a preservation letter sent before the filing of a complaint triggers the duty to preserve).  Finally, even assuming that Kroger negligently allowed the ELD daily logs to be overwritten, Lee has not been prejudiced by the inadvertent destruction of that evidence.  Kroger has produced

-6-

the trip sheets documenting the hours Horton worked and confirming that Horton was off duty for the 24-hour period preceding the accident. (ECF No. 34 at 122-23.) While Lee urges the court to find that defendants falsified those trip sheets, there is simply no evidence supporting that contention.

### III. RECOMMENDATION

For the reasons above, it is recommended that Lee's Motion be denied.

Respectfully submitted,

s/ Tu M. Pham
TU M. PHAM
United States Magistrate Judge

September 4, 2018
Date

**NOTICE**

**WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THIS REPORT AND RECOMMENDED DISPOSITION, ANY PARTY MAY SERVE AND FILE SPECIFIC WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS. ANY PARTY MAY RESPOND TO ANOTHER PARTY'S OBJECTIONS WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(2); LR 72.1(g)(2). FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND FURTHER APPEAL.**