# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| CHRISTIE LEE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No.: 2:17-cv-2766-JPM-tmp |
| ) | |
| RODNEY HORTON and KROGER ) | |
| DEDICATED LOGISTICS CO., ) | |
| ) | |
| Defendants. ) | |

## ORDER ADOPTING REPORT AND RECOMMENDATION AND
## DENYING PLAINTIFF'S MOTION FOR DISCOVERY SANCTIONS

Before the Court is the Report and Recommendation of the Magistrate Judge entered on September 4, 2018. (ECF No. 61.) The Magistrate Judge recommends that the Court deny Plaintiff Christie Lee's Motion for Sanctions against Defendants Rodney Horton and Kroger Dedicated Logistics Co ("Kroger"). (See ECF No. 34.) Lee filed a timely objection to the Magistrate Judge's Report on September 13, 2018. (ECF No. 72.)

Upon de novo review, the Court ADOPTS the Report and Recommendation of the Magistrate Judge and finds that Defendants did not have a duty to preserve the electronic logs until June 14, 2017. Accordingly, Lee's Motion for Sanctions is DENIED. The Court's finding on the question of a duty to preserve is dispositive on the Motion for Sanctions, so the Court need not consider the question of prejudice at this time.

I.  **Background**

Horton and Lee collided in a car accident on October 25, 2016. (ECF No. 34 at 1.)[1] Lee alleges that Horton, a Kroger truck driver, was negligent and that Kroger, as his employer, should be held vicariously liable for the injuries she suffered. (ECF No. 1; see also Lee's Mot. Sanctions, ECF No. 34 at 274.) Lee's attorney asked each Defendant to preserve evidence related to the accident on June 14 and July 14 of 2017. (ECF No. 34 at 284-93.) One of Lee's requests in these preservations letters concerned the daily logs produced by the truck's electronic logging device for the day of the collision and the six months preceding it. (Id. at 286, 291.) Defendants claim that this data was automatically overwritten six months after the collision and before Lee sent her preservation letters. (ECF No. 34 at 304.) Defendants instead provided Lee with Horton's driver file for the day of and month preceding the accident. (ECF No. 37 at 467.)

Lee filed a Motion for Sanctions on July 6, 2018 alleging that Defendants' had intentionally destroyed the daily electronic logs. (ECF No. 34.) Lee argues that the logs in question may have allowed her to show "that the collision was caused by Defendant Rodney Horton, a fatigued, sleep-deprived driver, on the wheels of a tractor-trailer." (ECF No. 34 at 277.) Lee alleges that Federal Rule of Civil Procedure 37(e) required the preservation of the daily logs, that their loss caused her prejudice, and that the court should find that Defendants acted with the intent to deprive her of the evidence. (Id. at 282.)

In his Report and Recommendation, the Magistrate Judge concluded that Lee had not shown that Kroger had a duty to preserve the daily electronic logs before receiving Lee's preservation letters. (ECF No. 61 at 692.) The Magistrate Judge also submitted that Lee was not

---

[1] All citations to page numbers in docket entries are to the CM/ECF PageID number.

prejudiced by any alleged spoliation, because the trip sheets Kroger produced contain substantially similar information. (ECF No. 61 at 693-694.)

In her timely objection, Lee argues that she has shown that Defendants should have known that the daily electronic logs would have been relevant to future litigation from the date of the accident. (ECF No. 72 at 727-728.) Lee also argues that she has suffered prejudice from the alleged spoliation, because certain alleged irregularities suggest the trip sheets may be inaccurate. (Id. at 728.) She also argues that she has suffered prejudice because the daily electronic logs contain information related to "what actually happened inside the truck" as well as driver fatigue, and "compliance with statutory mandated hours of service." (Id. at 729.) Finally, Lee objects that the evidence shows Defendants have acted in bad faith by failing to preserve the daily electronic logs. (Id.)

## II. Legal Standard

### a. Standard of Review

"Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b) advisory committee note.

When a timely objection has been filed, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). The portions of a magistrate judge's recommendation as to which no specific objections were filed are reviewed for clear error. See Fed. R. Civ. P. 72(b) advisory committee

notes; Howard v. Sec'y of Health and Human Servs., 932 F.2d 505, 509 (6th Cir. 1991) (noting that when a party makes a general objection, "[t]he district court's attention is not focused on any specific issues for review, thereby making the initial reference to the magistrate useless."). "A general objection to the entirety of the magistrate's report has the same effects as would a failure to object." Howard, 932 F.2d at 509. Moreover, the "failure to properly file objections constitutes a waiver of appeal." See Howard, 932 F.2d at 508 (citing United States v. Walters, 638 F.2d 947, 950 (6th Cir. 1981)).

    **b. Preservation of Electronic Evidence**

Federal law provides the legal standard governing the preservation of electronically stored information and what, if any, sanctions should be imposed for spoliation. See Adkins v. Wolever, 554 F.3d 650, 652 (6th Cir. 2009); Fed. R. Civ. Pro. 37(e). Under Rule 37(e), the Court must first determine whether the information in question should have been preserved and whether a party took reasonable steps to do so. "An obligation to preserve may arise when a party should have known that the evidence may be relevant to future litigation, but, if there was no notice of pending litigation, the destruction of evidence does not point to consciousness of a weak case and intentional destruction." Beaven v. U.S. Dep't of Justice, 622 F.3d 540, 553 (6th Cir. 2010) (internal citations omitted).

If there was a duty to preserve, the Court must next consider whether there was prejudice to the party seeking the information, and "may order measures no greater than necessary to cure the prejudice." Fed. R. Civ. Pro. 37(e)(1). A finding of prejudice does not require the Court to find that the information in question was dispositive. See McCarty v. Covol Fuels No. 2, LLC, 644 F. App'x 372, 379 (6th Cir. 2016). More severe sanctions are only appropriate upon a

4

finding that a "party acted with the intent to deprive another party of the information's use." Fed. R. Civ. Pro. 37(e)(2). "A showing of negligence or even gross negligence will not do the trick." Applebaum v. Target Corp., 831 F.3d 740, 745 (6th Cir. 2016). Otherwise, "[a] federal court's inherent powers include broad discretion to craft proper sanctions for spoliated evidence." Automated Sols. Corp. v. Paragon Data Sys., Inc., 756 F.3d 504, 513 (6th Cir. 2014).

### III.    Discussion

The Court considers whether Kroger had a duty to preserve the electronic daily logs. The Magistrate Judge concluded that Kroger did not have a reason to foresee this litigation because neither driver received a traffic citation for the collision, Lee did not seek medical treatment in the immediate aftermath, and damage to Lee's vehicle appeared minimal. (ECF No. 61 at 693.) The Magistrate Judge also noted that Kroger likely thought Lee was responsible for the accident. (Id.) The Magistrate concluded that Kroger had "no reason to believe that Lee would file a lawsuit" and therefore no duty to preserve until June 14, 2017, when Kroger received the first preservation letter from Lee and after the daily electronic logs had already been overwritten. (Id.)

Lee argues that the duty to preserve arose on the day of the accident. Lee objects that Kroger's incident report contains boilerplate language which states that the report is being prepared in anticipation of litigation. (ECF No. 72 at 727.) While no traffic citations were issued at the accident, Lee further objects that the presence of police and the physics of a crash between a car and a tractor trailer is sufficient notice that the accident was serious. (Id.) Lee also objects that the evidence clearly shows that Kroger and Horton were negligent, so Defendants must have been on notice that they would be sued. (Id. at 728.) Finally, Lee argues that Kroger

5

"does not genuinely dispute liability" in this case because it did not file a cross complaint against Lee.

Lee objects that Kroger's incident report contains boilerplate language that "these reports and this document have been prepared in anticipation of litigation under the direction of legal counsel. They are confidential and not to be released to any person unless approved by legal counsel." (ECF No. 72 at 727, ECF No. 34 at 354.) The Court finds that this language is insufficient to demonstrate that Kroger had a duty to preserve. In a landmark case on the preservation of electronically stored information, a court found that a duty to preserve arose when company employees began to title their emails "UBS Attorney Client Privilege." Zubulake v. UBS Warburg, LLC, 220 F.R.D. 212, 217 (S.D.N.Y. 2003). The Zubulake court noted that this showed a duty to preserve in part because "it appear[ed] that almost everyone associated with Zubulake recognized the possibility that she might sue." Id. The Zubulake court relied on specific deposition testimony in which UBS employees admitted they anticipated a lawsuit from the plaintiff. Id. While Zubulake is not binding, the Court finds it extremely persuasive. The presence of boilerplate language on a Kroger incident report form is not sufficient to support a finding that Kroger should have known that the daily electronic logs would be relevant to future litigation. See Beaven, 622 F.3d at 553.

Upon a de novo review of the entire record, the Court concurs with the Magistrate Judge. Lee's objections do not respond to the relevant inquiry, namely whether Kroger should have anticipated litigation. (See ECF No. 72 at 727.) Lee's objections do not account for the fact that no traffic citations were issued and that no immediate medical attention was sought by Lee. Lee is correct that the presence of police would tend to weight in favor of a finding of a duty to preserve, but when the police view the scene and make no initial determination of a traffic

6

violation, a party is altogether less likely to be on notice that litigation may arise. Similarly, while a crash between a car and a tractor trailer may be cause for concern, when both drivers emerge from that crash without any immediate need for medical attention, a party is not put on notice that there will be a lawsuit in future. When considering the circumstances of the crash as they were understood by Horton at the time, and absent further specific evidence of anticipation of litigation, the Court finds that no duty to preserve arose until June 14, 2017.

### IV. Conclusion

Upon de novo review, the Court ADOPTS the Report and Recommendation of the Magistrate Judge and finds that Defendants did not have a duty to preserve the electronic logs until June 14, 2017. Accordingly, Lee's Motion for Sanctions is DENIED. The Court's finding on the question of a duty to preserve is dispositive on the Motion for Sanctions, so the Court need not consider the question of prejudice at this time.

**IT IS SO ORDERED**, this 25th day of September, 2018.

/s/ Jon McCalla
JON P. McCALLA
UNITED STATES DISTRICT JUDGE