IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| CHRISTIE LEE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 17-cv-2766-JPM-tmp |
| ) | |
| RODNEY HORTON and KROGER ) | |
| DEDICATED LOGISTICS CO., ) | |
| ) | |
| Defendants. ) | |

## REPORT AND RECOMMENDATION

Before the court by order of reference (ECF No. 59) is defendants Rodney Horton and Kroger Dedicated Logistics Co.'s (collectively "Kroger") Motion for Sanctions Pursuant to Fed. R. Civ. P. 11.[1] Kroger filed the motion on August 14, 2018 (ECF No. 40), Lee responded on August 17, 2018 (ECF No. 41), and, after the court granted Kroger's motion for leave to file a reply, Kroger replied on August 23, 2018 (ECF No. 49-1). For the following reasons, the undersigned recommends that the motion be denied.

### I.   PROPOSED FINDINGS OF FACT

---

[1]Because Kroger moves for sanctions under Fed. R. Civ. P. 11 and 28 U.S.C. § 1927, the court submits this as a report and recommendation. See Carter v. Hickory Healthcare Inc., No. 17-4199, 2018 WL 4627022, at *2 (6th Cir. Sep. 27, 2018) ("Just as we treat Rule 11 sanctions as dispositive, . . . we should treat § 1927 sanctions as dispositive[.]").

Lee filed her complaint on October 17, 2017. (ECF No. 1.) In the complaint, Lee alleges that on October 25, 2016, Horton, a Kroger truck driver, negligently collided with her car and severely injured her. (ECF No. 34 at 1.) Lee further alleges that Kroger, as Horton's employer, is vicariously liable for the injuries caused by Horton. (ECF No. 1.) On June 14 and July 14, 2017 – about eight months after the accident – Lee (through her attorney) sent preservation letters to each defendant seeking to preserve evidence related to the accident. (ECF No. 34 at 11-25.) Lee specifically requested Kroger retain "[a]ll copies of Rodney Horton's daily logs for the day of the collision, and for the sixth-month period preceding the collision[.]" (Id. at 12 ¶ 2.) At some point during discovery, Kroger indicated that the daily logs had been automatically overwritten six months after the date of the accident, pursuant to Kroger's retention policy. (Id. at 31.) Upon learning that the daily logs were overwritten, Lee filed a motion for sanctions for spoliation of evidence against Kroger. (ECF No. 34.) Lee's motion was referred to the undersigned for report and recommendation, and after conducting a hearing, the undersigned recommended that the motion be denied. (ECF No. 61.) The presiding district judge subsequently adopted the recommendation and denied Lee's motion for sanctions. (ECF No. 78.)

Presently before the court is Kroger's motion for sanctions. (ECF No. 40.) Kroger argues that Lee should be sanctioned for filing her motion for sanctions. Kroger contends that Lee's conduct is sanctionable under Federal Rule of Civil Procedure 11 and 28 U.S.C. § 1927.[2]    Specifically, Kroger asserts that Lee's motion contained "numerous factual contentions that have zero evidentiary support" and "numerous legal contentions in direct contrast to the authority provided." (Id. at 4, 7.) Kroger also argues that Lee's motion was "presented to harass, cause unnecessary delay, and to needlessly increase the cost of litigation[.]" (Id. at 8.) Lee's response primarily reiterates the arguments she made in support of her motion for sanctions. (See generally ECF No. 41.) Lee also argues that Federal Rule of Civil Procedure 11 does not apply to the alleged sanctionable conduct at issue. (Id. at 1.) Finally, Lee argues that her factual assertions and legal arguments in her motion for sanctions were supported by the record and relevant authority. (See generally id.)

## II.    PROPOSED CONCLUSIONS OF LAW

**A.    Rule 11**

---

[2]Although Kroger's motion is titled "Motion for Sanctions Pursuant to Fed. R. Civ. P. 11," Kroger also moves for sanctions under 28 U.S.C. § 1927.

"Rule 11 imposes on attorneys a duty to reasonably investigate factual allegations and legal contentions before presenting them to the court."  Penn, LLC v. Prosper Bus. Dev. Corp., 773 F.3d 764, 766 (6th Cir. 2014) (citing Fed. R. Civ. P. 11(b)). Federal Rule of Civil Procedure 11(b) imposes four requirements on a litigant when she makes representations to the court.  The rule provides:

> By presenting to the court a pleading, written motion, or other paper - whether by signing, filing, submitting, or later advocating it - an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b)(1-4).  "Rule 11(c)(1) grants the Court discretion to 'impose an appropriate sanction' on an attorney or party '[i]f, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated.'"  Saia v.

<u>Flying J, Inc.</u>, No. 15-cv-1045, 2016 WL 1715196, at *3 (W.D. Tenn. Apr. 27, 2016) (quoting Fed. R. Civ. P. 11(c)(1)) (alteration in original).

In addition, Rule 11 includes a mandatory "'safe harbor' which requires a party seeking sanctions for violations of Rule 11 to make a separate motion and 'describe the specific conduct alleged to violate subdivision (b).'"  <u>Liberty Legal Found. v. Nat'l Democratic Party of the USA, Inc.</u>, No. 12-2143, 2012 WL 3683492, at *3 (W.D. Tenn. Aug. 24, 2012) (quoting Fed. R. Civ. P. 11(c)(2)).  "The safe-harbor provision states that '[t]he *motion* must be served under Rule 5' at least twenty-one days before filing it with the court."  <u>Penn, LLC</u>, 773 F.3d at 767 (quoting Fed. R. Civ. P. 11(c)(2)) (emphasis and alteration in original).  Thus, "the rule specifically requires formal service of a motion."  <u>Id.</u> "[T]he Advisory Committee's Notes clearly suggest that warning letters . . . are supplemental to, and cannot be deemed an adequate substitute for, the service of the motion itself."  <u>Id.</u> (internal citation and quotation omitted) (alteration in original).  The record before the court lacks any indication that Kroger complied with Rule 11's mandatory safe harbor provision.[3]  Therefore, the

---

[3]In its reply, Kroger asserts that it "allow[ed] Plaintiff's counsel 21 days to correct the numerous misrepresentations" in her motion.  (ECF No. 49-1 at 3.)  However, Kroger does not indicate that it served Lee with a copy of its motion twenty-one days prior to filing the present motion (as required by Rule 11).

court recommends denying Kroger's motion to the extent it seeks sanctions under Rule 11.

**B.   28 U.S.C. § 1927**

In the alternative, Kroger's motion seeks sanctions under 28 U.S.C. § 1927.  (ECF No. 40 at 10-11.)  "Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."  28 U.S.C. § 1927. An attorney's conduct may be "sanctionable under § 1927 'without a finding of bad faith, at least when an attorney knows or reasonably should know that a claim pursued is frivolous, or that his or her litigation tactics will needlessly obstruct the litigation of nonfrivolous claims.'"  Rentz v. Dynasty Apparel Indus., Inc., 556 F.3d 389, 396 (6th Cir. 2009) (quoting Ridder v. City of Springfield, 109 F.3d 288, 298 (6th Cir. 1997)).  The Sixth Circuit has stated that "§ 1927 sanctions require a showing of something less than subjective bad faith, but something more than negligence or incompetence."  Red Carpet Studios Div. of Source Advantage, Ltd. V. Sater, 465 F.3d 642, 646 (6th Cir. 2006).  "Sanctions under § 1927 may be awarded when an attorney objectively 'falls short of the obligations owed by a member of the bar to the court and which, as a result, causes additional expense to the

-6-

opposing party.'" <u>Sony/ATV Music Publ'g LLC v. 1729172 Ontario, Inc.</u>, No. 3:14-cv-1929, 2018 WL 4007537, at *12 (M.D. Tenn. Aug. 20, 2018) (quoting <u>Red Carpet</u>, 465 F.3d at 646).  The court submits that Lee's filing of her motion for sanctions is not sanctionable under 28 U.S.C. § 1927.  While Lee's motion for sanctions was denied, the court did not (and does not now) find Lee's motion to be frivolous.  In addition, the court does not find that Lee filed her motion for sanctions to unreasonably multiply the proceedings in this lawsuit.    Therefore, the undersigned recommends that Kroger's motion for sanctions under 28 U.S.C. § 1927 be denied.[4]

### III. RECOMMENDATION

For the reasons above, the undersigned recommends that Kroger's motion be denied.

Respectfully submitted,

s/ Tu M. Pham
TU M. PHAM
United States Magistrate Judge

October 16, 2018
Date

### NOTICE

---

[4]Kroger also argues that Lee's conduct is sanctionable under Federal Rule of Civil Procedure 26 or 37.  (ECF No. 49-1 at 3.) Kroger fails to explain how those rules are applicable in this context or cite any authority where those rules were used to sanction a party for making misrepresentations in a motion for sanctions.  (<u>Id.</u>)

WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THIS REPORT AND RECOMMENDED DISPOSITION, ANY PARTY MAY SERVE AND FILE SPECIFIC WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS. ANY PARTY MAY RESPOND TO ANOTHER PARTY'S OBJECTIONS WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(2); LR 72.1(g)(2). FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND FURTHER APPEAL.