IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| CHRISTIE LEE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   17-cv-2766-JPM-tmp |
| | ) |
| RODNEY HORTON and KROGER | ) |
| DEDICATED LOGISTICS CO., | ) |
| | ) |
| Defendants. | ) |

**SUPPLEMENTAL REPORT AND RECOMMENDATION**

On October 16, 2018, the undersigned magistrate judge submitted a report and recommendation on defendants Rodney Horton and Kroger Dedicated Logistics Co.'s (collectively "Kroger") Motion for Sanctions Pursuant to Federal Rule of Civil Procedure 11, recommending that the motion be denied. (ECF No. 90.)  In making this recommendation, the undersigned, relying on the arguments contained in the motion and the Certificate of Service located at the top of page 13 (PageID 502), found that Kroger did not indicate that it had complied with the 21-day safe harbor provision of Rule 11(c)(2).  Based on this apparent non-compliance, the undersigned recommended that the motion for sanctions under Rule 11 be denied, without reaching the merits of Kroger's claim that Lee violated Rule 11 by filing her motion for sanctions (see ECF No. 34).  On October 25, 2018, Kroger

filed objections to the report and recommendation, arguing, among other things, that it had in fact complied with Rule 11(c)(2) as evidenced by a separate Certificate of Service located at the bottom of page 12 of its motion (PageID 501). Upon a review of the motion, the undersigned agrees that the finding regarding Kroger's non-compliance with Rule 11(c)(2) was erroneous. Although the objections are pending before the presiding district judge, the undersigned believes that for purposes of avoiding further delay of the resolution of Kroger's motion and allowing all objections to be considered by the district judge in a consolidated manner, it would be appropriate for the undersigned to submit a supplemental report and recommendation to address the merits of Kroger's Rule 11 claim.

"Rule 11 imposes on attorneys a duty to reasonably investigate factual allegations and legal contentions before presenting them to the court." Penn, LLC v. Prosper Bus. Dev. Corp., 773 F.3d 764, 766 (6th Cir. 2014) (citing Fed. R. Civ. P. 11(b)). Federal Rule of Civil Procedure 11(b) imposes four requirements on a litigant when he or she makes representations to the court. The rule provides:

> By presenting to the court a pleading, written motion, or other paper - whether by signing, filing, submitting, or later advocating it - an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

>  (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
>  (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
>  (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
>  (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b)(1-4). "Rule 11(c)(1) grants the Court discretion to 'impose an appropriate sanction' on an attorney or party '[i]f, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated.'" Saia v. Flying J, Inc., No. 15-cv-1045, 2016 WL 1715196, at *3 (W.D. Tenn. Apr. 27, 2016) (quoting Fed. R. Civ. P. 11(c)(1)) (alteration in original).

However, Rule 11 "does not apply to disclosures and discovery requests, responses, objections, and *motions under Rules 26 through 37*." Fed. R. Civ. P. 11(d) (emphasis added); see Jones v. Ill. Cent. R. Co., 617 F.3d 843, 856 (6th Cir. 2010) ("By its own terms, Rule 11 'does not apply to disclosures and discovery requests, responses, objections, and motions under Rules 26 through 37.'" (quoting Fed. R. Civ. P. 11(d)); see also

Moeck v. Pleasant Valley Sch. Dist., 844 F.3d 387, 391 n.8 (3d Cir. 2016) ("Other alleged misrepresentations occurred during depositions, in response to interrogatories, and to and about health care providers, or involved counsel's act of changing the e-mail into a document that resembles a letter. These incidents are not sanctionable under Rule 11 because they arose in the context of discovery and thus are not within the scope of Rule 11." (citing Fed. R. Civ. P. 11(d)); Block v. Vehicle Logistics Sols., LLC, No. 17-11440, 2018 WL 5264163, at *6 (E.D. Mich. Oct. 23, 2018) ("Because Block's Motion to Strike is a discovery motion, Rule 11 is not an appropriate basis for sanctions."); Rogue Wave Software, Inc. v. BTI Sys. Inc., No. 16-cv-7722, 2018 WL 1737132, at *1 (S.D.N.Y. Feb. 16, 2018) ("The defendants are correct that the conduct subject to the December 15, 2017 Order to Show Cause was related to the plaintiff's motion for sanctions, pursuant to Rule 37 of the Federal Rules of Civil Procedures, to which Rule 11 does not apply. Having overlooked Rule 11(d), the Court finds that its December 15, 2017 Order to Show Cause was improvidently issued."); Korbel v. Extendicare Health Servs., No. 13-cv-2640, 2015 WL 13651194, at *9 n.15 (D. Minn. Jan. 22, 2015) ("[T]o the extent Defendants complain of Korbel's conduct during discovery, Rule 11 'does not apply to disclosures and discovery requests, responses, objections, and motions under Rules 26 through 37.'" (quoting Fed. R. Civ. P.

-4-

11(d)); see generally Fed. R. Civ. P. 11 Advisory Committee Notes to 1993 Amendments ("It is appropriate that Rules 26 through 37, which are specially designed for the discovery process, govern such documents and conduct rather than the more general provisions of Rule 11. Subdivision (d) has been added to accomplish this result."). Lee's motion for sanctions (ECF No. 34) was a discovery-based motion brought pursuant to Rule 37, and therefore, Rule 11 does not apply. Accordingly, it is recommended that Kroger's motion be denied to the extent it seeks Rule 11 sanctions.

Even if Rule 11 applied, the undersigned finds that the representations at issue made by Lee's counsel in Lee's motion for sanctions, while lacking in factual support, would not warrant the imposition of sanctions. Certainly, Lee's counsel should have been more careful in making some of the factual representations and legal arguments in Lee's motion for sanctions. For example, Lee's counsel should not have claimed that Kroger hired "investigator" Lee Holliday to investigate the accident (Officer Holliday was actually the police officer who responded to the scene of the accident) or that Kroger failed to produce any medical examination report for Horton within six months of the collision date (Kroger produced a medical report completed less than three months after the accident). But Lee's counsel attached several documents to the motion that clarified

-5-

these representations, which he presumably would not have done had he intended to mislead the court. Moreover, these representations were clarified at the motion hearing held on August 21, 2018. Further, Lee's counsel's misinterpretation of Kroger's handbook and various legal arguments, while ultimately rejected by the court, do not amount to conduct that would be sanctionable.

    Respectfully submitted,

                               s/ Tu M. Pham
                               TU M. PHAM
                               United States Magistrate Judge

                               October 30, 2018
                               Date

**NOTICE**

**WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THIS REPORT AND RECOMMENDED DISPOSITION, ANY PARTY MAY SERVE AND FILE SPECIFIC WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS.  ANY PARTY MAY RESPOND TO ANOTHER PARTY'S OBJECTIONS WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY.  28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(2); LR 72.1(g)(2).  FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND FURTHER APPEAL.**