# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| CHRISTIE LEE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No.: 2:17-cv-2766-JPM-tmp |
| ) | |
| RODNEY HORTON and KROGER ) | |
| DEDICATED LOGISTICS CO., ) | |
| ) | |
| Defendants. ) | |

## ORDER ADOPTING REPORT AND RECOMMENDATION AND DENYING DEFENDANTS' MOTION FOR SANCTIONS

Before the Court is the Report and Recommendation of the Magistrate Judge entered on October 16, 2018. (ECF No. 90.) The Magistrate Judge recommends that the Court deny the Motion for Sanctions filed by Defendants Rodney Horton and Kroger Dedicated Logistics Co. ("Kroger"). (See Defs.' Mot. Sanctions, ECF No. 40.) Defendants filed a timely objection to the Magistrate Judge's Report on October 25, 2018. (ECF No. 93.) The Magistrate Judge supplemented his Report on October 30, 2018. (ECF No. 104.) Defendants have not objected to the Magistrate's supplemental findings.

The Court ADOPTS the Report and Recommendation of the Magistrate Judge and finds that Lee's statements, while erroneous, are not sanctionable. Accordingly, Defendants' Motion for Sanctions is DENIED.

## I. Background

Horton and Lee were in an automobile accident on October 25, 2016. (Complaint, ECF No. 1 at 2; Defs.' Mot Sanctions, ECF No. 40 at 493.)[1] Lee alleges that Horton, a Kroger truck driver, was negligent and that Kroger, as his employer, should be held vicariously liable for the injuries she suffered. (Complaint, ECF No. 1 at 3-5; see also P.'s Mot. Sanctions, ECF No. 34 at 274.) Lee's attorney asked each Defendant to preserve evidence related to the accident on June 14 and July 14 of 2017. (P.'s Mot. Sanctions, ECF No. 34 at 284-93.) One of Lee's requests in these preservations letters concerned the daily logs produced by the truck's electronic logging device for the day of the collision and the six months preceding it. (Id. at 286, 291.)

Lee filed a Motion for Sanctions on July 6, 2018 alleging that Defendants' had intentionally destroyed the daily electronic logs. (ECF No. 34.) That Motion was subsequently denied. (ECF No. 78.) Defendants filed their own Motion for Sanctions, (ECF No. 40) arguing that "Plaintiff's counsel's misrepresentations and conduct" merit sanctions under Federal Rule of Civil Procedure 11 and 28 U.S.C. § 1927. (Defs.' Reply Supp. Mot. Sanctions, ECF No. 49-1 at 573-74.) Specifically, Defendants claim that Lee made baseless accusations, misrepresented the law, and moved for sanctions to delay, harass, or increase the cost of litigation. (Defs.' Mot Sanctions, ECF No. 40 at 494-500; Defs.' Reply Supp. Mot. Sanctions, ECF No. 49-1 at 574.)

Defendants claim "Plaintiff's Motion for Sanctions makes numerous factual contentions that have zero evidentiary support," (Defs.' Mot Sanctions, ECF No. 40 at 495) including:

- Plaintiff's contention that "these Defendants hired investigating officer Lee Holliday." (Id. at 495).

---

[1] All citations to page numbers in docket entries are to the CM/ECF PageID number.

- Plaintiff's claim that "Defendants failed to provide information regarding total drive time and active duty of Defendant Rodney Horton." (Id.)

- Plaintiff's contention that "Defendants have concealed evidence relating to Defendant Horton's sleep disorders by failing to produce Defendant Horton's medical examination report within six months of the collision." (Id.)

- Plaintiff's claim that a particular section of Kroger's handbook applies to the maintenance of driver logs. (Id. at 496.)

- That Plaintiff "continue[d] to make factual allegations relating to intentional conduct without factual support" and "pursue[d] her underlying Motion for Sanctions without clarifications." (Id. at 497.)

Defendants also claim that "Plaintiff's Motion for Sanctions makes numerous legal contentions in direct contrast to the authority provided," (Defs.' Mot Sanctions, ECF No. 40 at 497) because:

- Plaintiff cited cases (Kroger v. Walters, 735 S.E.2d 99 (Ga. Ct. App. 2012), Aaron v. Kroger L.P., 2011 WL 13234432 (E.D. Va. Sept. 28, 2011), and Aiello v. Kroger Company, 2010 WL 3522259 (D. Nev. Sept. 1, 2010)) which Defendants argue do not stand for the proposition that Defendants made "a conscious decision against company policy to delete evidence." (Id. at 497.)

3

- Plaintiff's counsel "continually[2] manufacture[d] legal standards" through his interpretation of federal regulations 49 C.F.R. § 391.45(b)(1) and 49 C.F.R. § 395.8(k)(1) in his Motion for Sanctions. (Id. at 497-98.)
- Plaintiff "continue[d] to pursue her underlying Motion for Sanctions without clarifications." (Id. at 498.)

Defendants also contend that "Plaintiff's Motion for Sanctions is presented to harass, cause unnecessary delay, and to needlessly increase the cost of litigation," (Defs.' Mot Sanctions, ECF No. 40 at 498) because:

- "Plaintiff presented to the emergency room claiming that a car accident occurred" a week after the accident. (Id.)
- Plaintiff's counsel reported during a March 23, 2018 scheduling conference that Lee had not received mental health treatment but "on April 3, 2018, Plaintiff sought a one-time-only evaluation from Christian Psychological Center." (Id. at 499.)
- Plaintiff testified that she "experienced no pain nor sought any treatment for physical injuries" from January 2017 to May 2018, but received treatment for shoulder pain on May 28, 2018. (Id. at 499.)
- Plaintiff's claimed property damage itemization includes repairs that Defendant claims are inconsistent with the evidence and with Lee's testimony. (Id. at 499-500.)

---

[2] Defendants only cite a single filing, Lee's Motion for Sanctions, as evidence of this allegedly continuous misconduct. (ECF No. 40 at 497-98.) Upon a review of the filings in this case, the Court notes that Lee only relies on these regulations in connection with her Motion for Sanctions. (See ECF Nos. 34, 38.)

- Plaintiff seeks $1.5 million in damages but only demonstrates $8,791.85 in economic damages. (Id. at 500.)
- Plaintiff "continue[d] to pursue her underlying Motion for Sanctions without clarifications." (Id. at 500.)

In his Report and Recommendation, the Magistrate Judge first concluded that Defendants' Motion for Sanctions failed to comply with Federal Rule of Civil Procedure 11(c)(2)'s "safe harbor" provision. (Report and Recommendation, ECF No. 90 at 1049.) After Defendants objected that they had, in fact, complied with Rule 11, (Def.'s Obj. Report and Recommendation, ECF No. 93 at 1069) the Magistrate Judge filed a Supplemental Report. (ECF No. 104.) The Magistrate Judge submitted that the misstatements at issue were made as part of a motion for spoliation sanctions under Rule 37 and are therefore explicitly exempt from Rule 11 sanctions. See Fed. R. Civ. Pro. 11(d). (Supplemental Report and Recommendation, ECF No. 104 at 1382-84.) The Magistrate Judge also concluded that the representations at issue "while lacking in factual support, would not warrant the imposition of sanctions" under Rule 11 because Lee's counsel made clarifications in person and in court filings. (Supplemental Report and Recommendation, ECF No. 104 at 1384-85.) Defendants have not objected to the Magistrate Judge's Supplemental Report.

The Magistrate Judge also concluded that sanctions under 28 U.S.C. § 1927 are inappropriate. (Report and Recommendation, ECF No. 90 at 1050-51.) Specifically, the Magistrate Judge found that Lee's actions did not unreasonably and vexatiously multiply the proceedings in this case, as forbidden by the statute. (Id.) Defendants object that the Magistrate Judge failed to analyze their motion and offered a recommendation inconsistent with the Court's previous orders. (Def.'s Obj. Report and Recommendation, ECF No. 93 at 1070.)

## II. Legal Standard

"Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b) advisory committee note.

When a timely objection has been filed, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). The portions of a magistrate judge's recommendation as to which no specific objections were filed are reviewed for clear error. See Fed. R. Civ. P. 72(b) advisory committee notes; Howard v. Sec'y of Health and Human Servs., 932 F.2d 505, 509 (6th Cir. 1991) (noting that when a party makes a general objection, "[t]he district court's attention is not focused on any specific issues for review, thereby making the initial reference to the magistrate useless."). "A general objection to the entirety of the magistrate's report has the same effects as would a failure to object." Howard, 932 F.2d at 509. Moreover, the "failure to properly file objections constitutes a waiver of appeal." See Howard, 932 F.2d at 508 (citing United States v. Walters, 638 F.2d 947, 950 (6th Cir. 1981)).

## III. Rule 11

### a. Law

Federal Rule of Civil Procedure 11(b) states that:

By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented

6

party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

"If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation." Fed. R. Civ. Pro. 11(c)(1). "Rule 11 imposes on attorneys a duty to reasonably investigate factual allegations and legal contentions before presenting them to the court." Penn, LLC v. Prosper Bus. Dev. Corp., 773 F.3d 764, 766 (6th Cir. 2014). The decision to impose Rule 11 sanctions is within the Court's discretion. Indah v. U.S. S.E.C., 661 F.3d 914, 926 (6th Cir. 2011).

### b. Application

The Magistrate Judge found that Lee's statements were made in a Rule 37(e) motion for spoliation sanctions and were therefore outside the scope of Rule 11. See Fed. R. Civ. Pro. 11(d). (Supplemental Report and Recommendation, ECF No. 104 at 1382-84.) Rule 11 "does not apply to… motions under Rules 26 through 37." Fed. R. Civ. Pro. 11(d). Defendants have not objected to this finding, and the Court therefore reviews it for clear error. Fed. R. Civ. P. 72(b) advisory committee notes.

7

Defendants have argued that "Plaintiff's original Motion for Sanctions is nothing more than a defamatory narrative seeking a summary judgment as to compensatory and punitive damages." (ECF No. 49-1 at 573.) The Court does not agree. Lee's Motion explicitly seeks relief for alleged spoliation. (P.'s Mot. Sanctions, ECF No. 34 at 282 ("Lee prays for the following: (a) Sanctions against Kroger and Horton, jointly and severally, for intentional destruction of material evidence.").) While Lee also asked for "summary judgment" as a sanction, (P.'s Mot. Sanctions, ECF No. 34 at 282) Rule 37(e)(2)(c) establishes default judgment as a possible penalty for intentional spoliation. The Court concurs with the Magistrate Judge's finding that Lee's statements were contained in a motion for sanctions brought pursuant to Rule 37(e), rather than Rule 56. The Court finds that Lee's Motion for Sanctions is therefore outside the scope of Rule 11. Fed. R. Civ. Pro. 11(d).

In their Reply in support of their Motion, Defendants have also argued that "the crux of Defendants' Motion for Sanctions is targeting Plaintiff's counsel's misrepresentations and conduct unrelated to any underlying discovery dispute." (ECF No. 49-1 at 573-74.) The Court notes that Defendants' original Motion for Sanctions, by its plain text, does seek sanctions for conduct related to an underlying discovery dispute. "Plaintiff's Motion for Sanctions makes numerous factual contentions that have zero evidentiary support." (Id. at 495.) "Plaintiff's Motion for Sanctions makes numerous legal contentions in direct contrast to the authority provided." (Id. at 497.) "Plaintiff's Motion for Sanctions is presented to harass, cause unnecessary delay, and to needlessly increase the cost of litigation." (Id. at 498.) Almost all of the specific statements cited by Defendants as inaccuracies were made in the Motion for Sanctions. (See generally Id., see also P.'s Mot Sanctions ECF No. 34.) The Court concurs with

the Magistrate Judge that Defendants' Motion for Sanctions is outside the scope of Rule 11(b). (Supplemental Report and Recommendation, ECF No. 104 at 1384.)

Even if the Rule 11(d) exception for discovery-related "motions" does not include the factual and legal contentions contained within those motions, the Magistrate Judge concluded that Lee's representations during an August 21, 2018 hearing clarified any previous inaccuracies. (Supp. Report and Recommendation, ECF No. 104 at 1384-85.) Defendants have not objected to the Magistrate Judge's conclusion regarding the hearing. The Magistrate Judge determined that additional deterrence was unnecessary when viewing Lee's conduct as a whole. (Supp. Report and Recommendation, ECF No. 104 at 1384-85.) The Court has broad powers to impose sanctions, so long as they are "limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated." Fed. R. Civ. Pro. 11(c)(4). The Court finds that it was not clearly erroneous for the Magistrate Judge to conclude based on subsequent clarifications that Lee's conduct does not warrant sanctions.

The Court does note, however, that Defendants also claimed that Plaintiff's personal conduct involving medical and psychological treatment is indicative of an intent to harass, delay, or increase the cost of litigation. (ECF No. 40 at 498-500.) Rule 11(b) only covers representations to the Court. Based on the limited facts in the record, the Court declines to sanction Lee for seeking medical attention at times that may appear suspicious to Defendants.

IV.   **28 U.S.C. § 1927**

   a.   Law

"Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and

9

vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. An attorney's conduct may be "sanctionable under § 1927 without a finding of bad faith, at least when an attorney knows or reasonably should know that a claim pursued is frivolous, or that his or her litigation tactics will needlessly obstruct the litigation of nonfrivolous claims." Rentz v. Dynasty Apparel Indus., Inc., 556 F.3d 389, 396 (6th Cir. 2009) (internal citation and quotation marks omitted). "§ 1927 sanctions require a showing of something less than subjective bad faith, but something more than negligence or incompetence." Red Carpet Studios Div. of Source Advantage, Ltd. v. Sater, 465 F.3d 642, 646 (6th Cir. 2006). The decision to impose sanctions under 28 U.S.C. § 1927 is within the Court's discretion. Red Carpet Studios, 465 F.3d at 644.

   b. **Application**

The Magistrate Judge also recommended that the Court deny Defendants' Motion insofar as it requested sanctions under 28 U.S.C. § 1927. (Report and Recommendation, ECF No. 90 at 1050-51.) Specifically, the Magistrate Judge did not find Lee's Motion to be frivolous or intended to multiply proceedings. (Id. at 1051.) Defendants object that the Magistrate Judge's report failed to specifically analyze whether the alleged misrepresentations would multiply proceedings. (Def.'s Obj. Report and Recommendation, ECF No. 93 at 1070.) Defendants also object that the Magistrate Judge previously concluded that "there is simply no evidence" for Lee's allegation that Defendants falsified trip sheets. (Def.'s Obj. Report and Recommendation, ECF No. 93 at 1070; ECF No. 61 at 694.) Defendants argue that raising a contention for which there is "simply no evidence" is sanctionable under 28 U.S.C. § 1927. (Def.'s Obj. Report and Recommendation, ECF No. 93 at 1070.)

10

Given the Defendant's objection, the Court reviews the Magistrate Judge's legal conclusions as to 28 U.S.C. § 1927 sanctions de novo, but reviews factual findings that were not objected to for clear error. Fed. R. Civ. P. 72(b)(3). Defendants have demonstrated that Lee's counsel erroneously claimed that Officer Holliday was a private investigator, when he was in fact a member of the Southaven Police Department. (Supplemental Report and Recommendation, ECF No. 104 at 1384.) Holliday is mentioned only briefly in Lee's Motion, however, and Lee's counsel admitted his error. (P.'s Mot Sanctions, ECF No. 34 at 278; P.'s Reply Supp. Mot. Sanctions, ECF No. 41 at 524.) Again, Defendant's have not objected to the Magistrate Judge's finding that Lee's counsel made significant clarifications in a motion hearing. (See Supplemental Report and Recommendation, ECF No. 104 at 1385.) Given the limited use and quick clarification of this statement, the Court finds that Defendants have failed to demonstrate that Plaintiff's counsel's conduct was anything but negligence or incompetence. Red Carpet Studios, 465 F.3d at 646.

Lee's counsel's other erroneous contentions about Horton's sleep disorder, Kroger's failure to produce Horton's driving time, and the Kroger handbook, are also indicative of simple incompetence. Id. (See Defs.' Mot Sanctions, ECF No. 40 at 495-96.) Defendants have not demonstrated that Lee's Counsel conducted a "misleadingly selective[ ] reading of the record" with regards to these statements. Kempter v. Mich. Bell Tel. Co., 534 Fed.Appx. 487, 493 (6th Cir. 2013). Instead, it appears that Plaintiff's Counsel failed to understand the record in the first place. Again, in his Rule 11 analysis the Magistrate Judge found that the misrepresentations alleged under 28 U.S.C. § 1927 were clarified in a motion hearing. (Supplemental Report and Recommendation, ECF No. 104 at 1385.) As stated above, almost all the specific statements cited by Defendants are contained in a single filing. (See Defs.' Mot Sanctions, ECF No. 40; see

11

also P.'s Mot Sanctions, ECF No. 34.) The Court finds that this single filing and its reply, which were later clarified by counsel, do not signal an unreasonable or vexatious multiplication of the proceedings in this case. 28 U.S.C. § 1927; see Bernard v. Illinois Cent. R.R. Co., No. 17-CV-2689-JPM-TMP, 2018 WL 3999737, at *2 (W.D. Tenn. Aug. 21, 2018) (noting that subsequent supplementation weighs against 28 U.S.C. § 1927 sanctions).

The Magistrate Judge previously found that Lee's allegation that Defendants falsified trip sheets lacked evidentiary support. (ECF No. 61 at 694; Def.'s Obj. Report and Recommendation, ECF No. 93 at 1070.) Defendants specifically object that advancing a contention for which there is no evidence should be sanctionable under 28 U.S.C. § 1927. (Def.'s Obj. Report and Recommendation, ECF No. 93 at 1070.) The Court notes that Lee's allegation of falsification does not appear in her Motion for Sanctions or her Reply. (See ECF Nos. 34, 37.) Neither the Magistrate Judge nor Defendants provide a specific citation for where this allegation was made in any filing. (See ECF No. 61 at 694; Def.'s Obj. Report and Recommendation, ECF No. 93 at 1070.) The record instead suggests that this argument was made in oral argument before the Magistrate Judge on August 21, 2018. (See ECF No. 46.) To be clear, a lawyer should not make statements in Court that lack evidentiary support. On a review of the record, however, the Court considers this argument to be a last-ditch effort that was dismissed out of hand rather than a multiplication of proceedings. While certainly indicative of a lack of care or knowledge, the Court does not find that this rises to a sanctionable level under 28 U.S.C. § 1927, given its limited impact.

The Court next considers whether the legal arguments contained within Lee's Motion for Sanctions are sanctionable under 28 U.S.C. § 1927. Having reviewed the cases and federal regulations at issue, the Court finds that, while Lee's arguments were incorrect, such misreadings

12

are attributable to incompetence or negligence. The Court also notes that Defendants' claim that such misrepresentations are "continuous" appears to be incorrect. Defendants only cite one motion in support of this argument, (Defs.' Mot. Sanctions, ECF No. 40 at 497-98) and do not object to the Magistrate Judge's finding that Lee's counsel made significant clarifications at a subsequent hearing. (Supplemental Report and Recommendation, ECF No. 104 at 1385.) Court concurs with the Magistrate Judge that Lee's legal arguments were wrong, but not frivolous. (See generally id. (finding under Rule 11 that "Lee's counsel's misinterpretation of… various legal arguments, while ultimately rejected by the court, do not amount to conduct that would be sanctionable.") Given that the Defendants have not objected to the Magistrate Judge's finding that the legal arguments in question were not sanctionable under Rule 11, and the fact that Lee's counsel clarified Lee's position at a subsequent motion hearing, the Court finds that these legal arguments are also not sanctionable under 28 U.S.C. §1927.

Plaintiff's personal actions in seeking medical attention at late dates is not conduct by an attorney, and is therefore not sanctionable under 28 U.S.C. § 1927. (See Defs.' Mot Sanctions, ECF No. 40 at 498-500)

## V.  Conclusion

The Court ADOPTS the Report and Recommendation of the Magistrate Judge and finds that Lee's statements, while erroneous, are not sanctionable. Accordingly, Defendants' Motion for Sanctions is DENIED.

**IT IS SO ORDERED**, this 4th day of December, 2018.

/s/ Jon McCalla
JON P. McCALLA
UNITED STATES DISTRICT JUDGE